PD

19    0786

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Amro Elansari 325 Pennylle Court Exton PA 19341

Address of Defendant: University of Pennsylvania 1 College Hall Room 100 Philadelphia PA 19104

Place of Accident, Incident or Transaction: South East Pennsylvania - Exton PA

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-25-2019    Pro Se    _____
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* Patient Autonomy / Consent Research.

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Amro Elansari _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 2-25-2019    Pro - Se    _____
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

PD

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Amro Elansari : CIVIL ACTION

              v. :

University of Pennsylvania : NO. 19 0786

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

2-25-2019        Pro Se        Plaintiff

**Date**          **Attorney-at-law**        **Attorney for**

4842809028                         Cmroclarson@gmail.com

**Telephone**         **FAX Number**        **E-Mail Address**

(Civ. 660) 10/02



IN THE U.S. DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA     19     0786

| | |
|---|---|
| Amro Elansari | : |
| Plaintiff | : |
| Vs. | : |
| University of Pennsylvania | : |
| Defendant | : |

## ~~AMENDED~~ COMPLAINT AT LAW AND IN EQUITY

1. Plaintiff was on his way home from being in the area when he found that his phone was out of battery near the Exton Mall where there are various phone charging stations labelled "Free Charging".

2. The system works simply, you put your phone in a locker, unlock it with a code, and retrieve your phone once it has charged for a bit.

3. Nowhere on the machine or on the screen when you are putting your phone in does it indicate that you will be participating in a University of Pennsylvania survey on consumer psychology, and that your phone will not be given back to you if you do not complete the survey asking very personal and sensitive information.

4. However, in November of 2019, that is precisely what took place in a study by one of the professors at the University of Pennsylvania, resulting in the forceful taking of information from as little as 1 and as many as 18 people.

## PARTIES

5. Amro Elansari - Lead Plaintiff in this matter.

6. The University of Pennsylvania, behind the study that took place.

7. One unnamed professor to be revealed during the process of discovery.

8. ChargeItSpot - the phone charging organization involved in the study.

## JURISDICTION

9. Jurisdiction is of this Court is invoked under Article III of the U.S. Constitution and 28. U.S. Code §1331(a) governing Federal Questions as to whether or not the actions of these individuals constitutes violation of federal regulations on research and the rights of people being used as research subjects without consent.

10. Venue is proper since the most recent and most damaging of the actions caused by the totality of these Defendants' actions has taken place here in the Eastern District and the Defendants reside and regularly transact in this District.

## SUBSTANTIVE ALLEGATIONS

11. Accidents happen, but there is something much more fishy here than what initially meets the eye. The first question that comes to mind is the nature of this claim. Research ethics are critically important to the human rights of people and even a small infraction in this regard, if left unchallenged, presents a serious risk and opportunity for greater violations to manifest

themselves. In fact, some may call it a violation of ethics to allow an ethical violation such as this to take place without challenge. And in fact, being bound to a code of professional responsibility, the Plaintiff in this case somewhat has an obligation to bring forward the instant case.

12. Furthermore, the questions of the survey: very suspicious indeed. This was not just some survey about how many times you come to the mall. This was a survey that was asking about very deep and personal psychological information - not only that - but also in a tone that expects the survey respondents (1) to be taking the survey forcefully and (2) to be doing so in a way that deprives them of their freedom and liberty to leave. The paramount issue here is that the button to skip the survey was "broken" - but this excuse is insufficient since surveys typically need to be tested prior to implementation in the field. But even more suspicious are the questions which include questions such as "do you get nervous when you are not around your phone" and "do you feel like these questions are getting personal in nature" 15 or 20 questions into this extensive survey that is dumped on people without any warning - after their phones are taken - without any opportunity to leave - and the coincidence of all of these factors together is simply too suspicious to leave unconstested.

13. The violation took place - this is for sure - but an even greater question now is whether this violation was intentional or not. If it was unintentional then it was still a violation and a forceful

taking of my personal information without consent and against my will, a significant violation in and of itself. But if it was done intentionally or with the intent to obtain an undue advantage in the execution of the research study, this is another matter indeed. Simply the fact that the study was released into the unsuspecting public without being tested shows that it was carelessly and negligently executed - something that is very unlike the University of Pennsylvania to do - but nonetheless took place.

14. The Plaintiff followed up with the University of Pennsylvania's Institutional Review Board and confirmed that the study indeed came from the University and the Plaintiff also followed up with the Charge It Spot representative on the phone who confirmed to be aware of the study - thereby confirming the identity of those involved.

15. Plaintiff found out that information had been collected by 18 subjects, presumably through the same forceful conditions although some may have voluntarily consented to the survey.

16. Plaintiff never consented to providing information to the University of Pennsylvania and instead was made to by taking an extensive 20 question psychological survey probing for very deeply intrinsic subconscious consumer thoughts and preferences in a very provocative manner.

17. Now, every time the Plaintiff reaches for their phone, they cannot help but get the feeling of nervousness that was suggested by the study, something they never used to think about or consider in the past.

18. The principles of this case stem from research ethics and responsibilities as well as the rights of people being used in studies without their consent and knowledge, and if a mistake such as this was able to take place, who knows what other violations are taking place within the University of Pennsylvania.

19. The problem in this case is that issues in this area, important as they are, are sometimes set aside due to the diffusion of moral responsibility when many different people are involved. At the same time, however, if challenges such as this are not made, the rights of people in the context of research may continuously be encroached until there is nothing left. This is why a challenge such as this is important.

20. What if the Plaintiff who just so happens to be educated in the law was not walking into the mall on that precice day which happened to be the first day of the study, the rights of so many more people would have been violated. This is not to commend the Plaintiff but to raise awareness as to the serious risks that may be present in other studies which are nonetheless authorized by the University and their Institutional Review Board.

21. Plaintiff is not only calling for attention to this matter but also to the studies of the University as a whole and calls for an independent audit of all of the studies authorized by the University for compliance with laws and research ethics principles.

## CLAIMS FOR RELIEF

## COUNT I

## (Violation of Informed Consent - No Notice Of Survey - No Opportunity To Leave)

22. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein, and further alleges:

23. There was no indication on the charging unit that there would be any research studies



conducted as a result of its usage. A picture of the charge it station is evidenced below. In fact, the station is advertised and marketed to people in a way that makes it very enticing to use - with the indication that it is 'free' labelled but no indication, neither on the fixture or the screen, that there would be survey, until, of course, you go to retrieve your phone.

24. Upon coming to retrieve your phone some minutes later, a message on the screen (covered in a thick layer of filth) that there is survey by the University of Pennsylvania to complete.

25. There is an option to skip the survey, but this option, surprisingly and coincidentally, does not work.

26. If the button does not work, then the research was not tested before it was implemented.

27. If the button does not work and it was tested beforehand, then it shows that there was an intentional violation in this part.

28. Either one or the other has taken place in this case - either negligence or intentional misconduct - either one is sufficient for success in this case.

29. There is more evidence to support intentional misconduct than not, given the nature of the questions which were delivered in a "ha ha - we have your phone" sort of way. The questions were asking questions about the mall, almost with knowledge that the respondent could not leave, and then went into more detail about being deprived of a phone and whether this caused them psychological distress, and then whether or not the questions were too personal in nature. If the questions seem personal in nature, why are you asking them in a public setting such as a mall with unknowing and unsuspecting consumers about. Instead, I feel like there is something a bit more sinister at the works here, or at least have some reason to warrant suspicion. Inquiry into the professor in particular that is responsible for the study during the process of discovery is going to reveal more information as to the true purpose and motive behind the study as well as the testing procedures that were utilized beforehand to ensure compliance with ethics and law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.   Find the Defendants has committed the violations of law alleged herein;

    b.   Determine that Defendants have unlawfully harmed the Plaintiff as a result of their wrongful conduct, and enter an appropriate order awarded restitution and monetary damages to the Plaintiff

    c.   Render an award of punitive damages

    d.   Enter a judgment including interest, costs, reasonable attorneys' fees, costs and expenses; and

    e.   Grant all such other relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully Submitted,



Dated: February 25, 2019

Amro Elansari

Liberty And Justice For All

IN THE U.S. DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

Amro Elansari                              :

    Plaintiff                              :

        Vs.                              :

University of Pennsylvania,                 :

    Defendant                              :

## **CERTIFICATE OF SERVICE**

I hereby swear and affirm that service of the attached documents is being made to the following

individual and address on this 25th Day of February 2019.

The University of Pennsylvania
1 College Hall, Room 100
Philadelphia, PA 19104

Respectfully Submitted,

Amro Elansari

Liberty And Justice For All

Dated: February 25, 2019



IN THE U.S. DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA    19    0786

| | |
|---|---|
| Amro Elansari | : |
|     Plaintiff | : |
|       Vs. | : |
| University of Pennsylvania, | : |
|     Defendant | : |

## <u>NOTICE TO DEFEND</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THE PHILADELPHIA BAR ASSOCIATION MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

/S/ AMRO ELANSARI

LIBERTY AND JUSTICE FOR ALL